IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA,

VS.                                             CRIMINAL ACTION NO. 4:06CR124-P-D

ERWIN DAVID RABHAN,                                              DEFENDANTS.

ORDER

This matter comes before the court upon Defendant Erwin David Rabhan's motion to dismiss count 8 for lack of venue [docket number 307]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

For the reasons discussed by the Eleventh Circuit Court of Appeals in *U.S. v. Greene*, 862 F.2d 151 (11th Cir. 1989), which the court adopts and incorporates herein, the court concludes that the motion should be denied.

The Court in *Greene* ruled that venue was proper in Florida even though a fraudulent application for funds from an FDIC-insured bank, in violation of 18 U.S.C. §1014, was not sent by the Florida defendant himself but by a middle-man in New York to a bank in New York. The Court observed that "[v]enue is proper in section 1014 cases 'in the district where the false statement is prepared and mailed, **or** where the statement is received." 862 F.2d at 1515 (emphasis added); *see also, U.S. v. Chenault*, 844 F.2d 1124, 1131 (5th Cir. 1988) ("[T]he general venue rule for the various false claim and false statement statutes is that venue is proper even where the false statement is prepared and mailed or where it is received)*; U.S. v. Zwego*, 657 F.2d 248, 251 (10th Cir. 1981) ("The proper venue for the offense of making false statements to a federally insured bank may be either where the false statements were prepared, executed, or made, or where the offense was

1

completed upon receipt of the false information by the bank.").

The Court in *Greene* observed further in this regard that "[s]ection 1014 does not require the use of the mails," 862 F.2d at 1516, and that therefore the defendant need not have been the one who actually transmitted the fraudulent statement as long as he prepared it. The Court went on to conclude that "section 1014 cases should be governed by the same 'general rule of venue' as cased brought under 18 U.S.C.A §1001" and therefore the general venue statute, 18 U.S.C. § 3237(a) applies. The general venue statute provides in pertinent part that "[e]xcept as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another ... [may be] prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).

Like the situation in this case, the fraudulent application violative of §1014 in *Greene* was sent to the bank not by the defendant but by a third party middle-man in another state. In *Greene*, the defendant in Florida directed a man in New York to send the application to a New York bank. Similarly, in this case Defendant Rabhan is alleged to have directed Ken Toler in Mississippi who directed Gregory McMillon in Texas to send the application to the bank in Louisiana.

The defendant argues that the rule that "[v]enue is proper in section 1014 cases 'in the district where the false statement is prepared and mailed, **or** where the statement is received,'" *supra*, does not apply because at issue is a substantive violation of section 1014, not a conspiracy to violate section 1014. Though he cites *U.S. v. Cabrales*, 524 U.S. 1 (1998) for this proposition, the situation in *Cabrales* involved violations of the money laundering statutes "after the fact" of an offense begun and completed by others, not fraudulent applications for bank loans. Furthermore, the situation in *Cabrales* did not involve a middle-man from a different state between the defendant and

2

the victim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Erwin David Rabhan's motion to dismiss count 8 for lack of venue [docket number 307] is **DENIED**.

**SO ORDERED** this the 7th day of September, A.D., 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE