IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO. 4:06CR124-WAP-JMV

JIMMY WINEMILLER

**ORDER**

This matter is before the court on the motion of the Government to quash a subpoena served by Defendant Jimmy Winemiller (#368).[1] On September 12, 2001, the United States Department of Agriculture ("USDA") received a subpoena duces tecum which commands the appearance of Thomas J. Vilsack, Secretary of the USDA, or his duly appointed representative/custodian of records for the USDA and the production of documents at the trial of this case set for October 12, 2011.[2] This subpoena requires the production of five (5) categories of relevant and admissible documents that are in the possession, custody, or control of the USDA. For the reasons set out below, the court finds that the motion is not well-taken:

To begin, the Government's motion to quash is not timely. The Government waited a month to file objections to the September 12, 2011 subpoena. Trial is less than two weeks away, and the court is in an untenable position. The Government has offered no excuse for the dilatory nature of this motion. Additionally, Local Uniform Criminal Rule 47 requires that all motions be

---

[1] The court notes that the motion was incorrectly docketed as being related to all defendants; however, the government's brief in support of the motion clearly indicates that Defendant Jimmy Winemiller issued the subject subpoena. Accordingly, the instant motion relates to Defendant Jimmy Winemiller only.

[2] The trial has been since reset to begin on October 17, 2011.

1

accompanied by a Certificate of Conference that must state that counsel has conferred with opposing counsel in a good faith attempt to resolve the matter without court intervention, and failure to file an accompanying certificate of conference may be deemed sufficient grounds for denying the motion.  L. U. Crim. R. 47(A). The Government not only failed to attach a good faith certificate to the subject motion, but indeed failed to contact defense counsel regarding the subpoena.[3]

In addition to the timeliness issue and procedural defectiveness of the motion, the Government has failed substantively to justify why this court should quash the subject subpoena. The Government first makes the argument that the court had previously denied Defendant's motion to compel these documents, stating, "that the government is not obliged to investigate the defendant's case for him particularly with regard to documents that are of little or no relevance to the case or defense.  The government will not be required to obtain these materials for the defendant."  However, the court's Order (#204) relieved the prosecution of the obligation of providing these documents.  The subpoena requires the USDA, not the prosecution, to provide documents within its control.  This is the logical way for the Defendant to obtain documents if the prosecution is not required to provide the documents for them.  For this reason the Government's reliance on the Order denying the motion to compel is without merit.

Next, the Government argues that the majority of the documents have already been

---

[3]By letter dated September 12, 2011, defense counsel explained that the Secretary of the USDA could send a duly authorized representative to testify at trial in his stead and invited prosecution counsel to contact him to resolve any issues with the scope of the subpoena prior to filing any motion to quash.

produced through discovery.[4] The court will not require the USDA to produce records that have already been produced. Nevertheless, it is obligated to search its records and determine whether it has any responsive documents that have not been produced.

The Government's next argument is that the documents are prohibited from disclosure by the Privacy Act, 5 U.S.C. § 552a. However, the Government fails to justify its reliance on this statute in a criminal matter. Moreover, beyond a conclusory allegation, the government has not provided the court with any facts or proof supporting this argument.

Lastly, the court recognizes the Government's position that the United States Supreme Court has recognized the need to restrict the use of subpoenas against high-ranking government officials such as the Secretary of Agriculture. *United States v. Morgan*, 313 U.S. 409, 421-22 (1941), and that the Fifth Circuit has stated that if other persons can provide the information requested, discovery will not be permitted against such an official. *In re F.D.I.C.*, 58 F.3d 1055, 1062 (5th Cir. 1995). However, defense counsel's September 12 letter to prosecution counsel and the subpoena, itself, clearly explain that either the Secretary or his duly appointed representative/custodian of records could appear and give testimony. In addition, Defendant provided the Government with a proposed certification that the USDA's custodian of records could sign and return with the requested documents. As with any other subpoena duces tecum, if the USDA representative were to elect to appear at trial with the responsive documents, any testimony that might be required would be related to the authentication of the responsive documents as the business records of the USDA so that Defendant could then seek to admit them

---

[4]The government also argues that producing the documents would be unduly burdensome and oppressive because they span a period of 15 years. The court finds it hard to accept this contention, however, if the majority of the documents have already been produced.

into evidence.

In the present case, the Government has filed a procedurally flawed motion to quash a subpoena on the eve of trial that substantively fails to justify why the court should quash a subpoena served on the USDA almost a month ago.  Accordingly,

IT IS, THEREFORE, ORDERED that the Government's motion to quash the subpoena duces tecum (# 368) is hereby DENIED.

IT IS FURTHER ORDERED that the Defendant's motion (#373) confirming the validity and effect of previously served trial subpoenas is hereby GRANTED, in light of the continued trial date of October 17, 2011.  Defendant's motion is granted with the understanding that defense counsel is charged with personally contacting each witness confirming the date on which they are to appear.

SO ORDERED, this the 7th day of October, 2011.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE